For the reasons that follow, I must respectfully dissent. I share the trial court's concern that the resolution of this matter could very well challenge the "integrity of the legal process." When elected officials begin suing each other in court, the legal system itself is called upon to restore public confidence in the ability of government to govern. In order to achieve that goal, the judiciary must rise above the battle and act as the final arbiter of whatever dispute has arisen.
By statute, the county prosecutor does represent both parties to the underlying dispute. Both the township trustees and the county auditor are required to use the prosecutor's office as their legal counsel. On its face, that is a conflict of interest when those two entities decide to go to court. In the present situation, the matter is exacerbated by the fact that the county prosecutor readily admits that he consulted with one party, the township trustees, prior to embarking upon the task of representing the other party, the county auditor.
Both the trial court and the majority of this court seem reconciled to the proposition that such a glaring conflict can be waived by one party. I disagree. This is a conflict which undermines the very fabric of the relationship. While it can be legally waived, the reality is that such a waiver will seriously erode the public's faith in our court system.
The Supreme Court of Ohio expressly ratified the jurisdictional authority of a common pleas court to appoint counsel pursuant to R.C.305.14. The trial court has done so in this matter, and I believe those actions should be left undisturbed absent an abuse of discretion. In order to reverse the trial court, I would have to find that his decision was arbitrary or unreasonable. To the contrary, I believe the trial court rose to the occasion and took a courageous position which is supported by the statute. He found that in a dispute between the township trustees and the county auditor the integrity of the judiciary was being threatened by the county prosecutor's refusal to step aside while his clients had their day in court. The judge was right.
As a side note, it is clear from the stipulations of fact filed herein that all parties have generally worked effectively in narrowing the issues to be decided. There are no "good guys" or "bad guys" here. There are just several elected officials who want an answer to a question. The question of "who shall represent the county auditor" is a legitimate one that needs to be answered. To force an elected official to be represented by an attorney with an admitted conflict of interest would be an injustice. There is no statute of limitations when that question should, or could, have been raised.